UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SAHAKYAN<br><br>    Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00694-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF NO. 2)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

Plaintiff Karen Sahakyan ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for a temporary restraining order and motion for preliminary injunction, filed May 20, 2019. (ECF No. 2.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendants are acting with deliberate indifference to conditions posing a substantial risk of serious harm to Plaintiff by planning to merge Special Needs Yard

("SNY") (formerly known as protective custody) inmates with General Population ("GP") inmates onto a yard known as a "Non-Designated Programming Facility" ("NDPF") Yard. On December 12, 2017, Defendant Allison wrote a memo explaining the expansion of such a merger. On July 19, 2018, inmate representatives at Plaintiff's facility submitted a group statement to Defendant Ndoh voicing their concerns and disagreement with the proposed merger.

On September 10, 2018, Defendant Diaz authored a department memorandum outlining the schedule for the merging of the yards. At the time the Complaint and motion for injunctive relief were filed, Plaintiff was housed at Avenal State Prison, which was scheduled for merger of the SNY and GP populations in January 2019.[1] Plaintiff has since filed a notice of change of address, indicating that he moved to Soledad State Prison on September 19, 2019. (ECF No. 9.)

Plaintiff alleges that both courts and CDCR officials have long understood that SNY inmates cannot safely be housed with GP inmates, and there are well-documented incidents of violence when SNY inmates have been housed with GP inmates. Plaintiff argues that this merger will put Plaintiff at serious risk of harm or injury and violates the Eighth Amendment. Plaintiff seeks injunctive relief enjoining defendants from merging the SNY and GP inmates at Avenal State Prison, as well as declaratory relief.

**II.    LEGAL STANDARDS**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter of the lawsuit. *See Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party, if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). the

---

[1] It is unclear whether the populations were merged as of that date or whether they have been merged at all.

standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 25 (2008) (citation omitted); *Epona v. Cty. of Ventura*, 876 F.3d 1214, 1227 (9th Cir. 2017) (same).

To justify injunctive relief, the moving party must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of injunctive relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In addition, the PLRA requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(b) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no more may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 998-99 (9th Cir. 2000).

The Supreme Court has also counseled that injunctive relief should only be granted rarely in cases involving the administration of prisons:

> Running a prison is an inordinately difficult undertaking that requires expertise,

3

planning, and the commitment of resources, all of which are peculiarly within the province of the legislature and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner v. Safley*, 482 U.S. 78, 85 (1987) (citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)).

### III. ANALYSIS

Initially, the Court notes that, on September 19, 2019, Plaintiff filed a notice of change of address indicating a move from Avenal State Prison to Soledad State Prison. (ECF No. 9.) Since Plaintiff has been transferred from Avenal and has not presented the Court with any reasonable expectation of returning to Avenal State Prison, the request for injunctive relief relating to the application of the NDPF policy to Avenal State Prison is moot. *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (*per curiam*) (holding that an inmate's transfer to another facility renders claims for injunctive relief concerning the original facility moot).

But even if the claim for injunctive relief is not moot, the Court will recommend that Plaintiff's request for injunctive relief be denied, as he has not demonstrated a likelihood of success on the merits, a likelihood of irreparable harm, or a weighing of the equities that tips in his favor.

Initially, as to the likelihood of success on the merits prong of the analysis, in a separate order, the Court has screened Plaintiff's complaint and found that Plaintiff failed to state any cognizable claims upon which § 1983 relief can be granted. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying injunctive relief, any likelihood of success on the merits of his claims. *Winter*, 555 U.S. at 20.

Next, as to the irreparable harm element, Plaintiff does not indicate that he has been or is currently assigned to a merged yard pursuant to the NDPF policy. Even if there was evidence of such an assignment, Plaintiff does not allege individualized characteristics he possesses that make it likely that he will experience irreparable harm, such as special needs status, classification as a sex offender, or gang or law enforcement affiliations.[2]

---

[2] This list is illustrative—not exhaustive—of the personal characteristics that might increase a likelihood of

4

Indeed, other courts have also refused to provide injunctive relief on similar allegations regarding the merging of SNY and GP populations.[3] Central to many of these decisions is a finding that the plaintiff fails to show a sufficient likelihood of irreparable harm. For example, the court in *Perez* analyzed the issue as follows:

> An adequate showing of irreparable harm is the "'single most important prerequisite for the issuance of a [temporary restraining order].'" *Universal Semiconductor, Inc. v. Tuoi Vo*, 2016 WL 9211685 at *2 (N.D. Cal. Nov. 29, 2016) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). To successfully make that showing, the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction. *Winter*, 555 U.S. at 22 (emphasis preserved). A temporary restraining order or preliminary injunction issued on anything less is "inconsistent" with the "characterization of injunctive relief as an extraordinary remedy…." *Id.*
>
> While Plaintiff is correct that he does not have to wait until he is actually assaulted to state a claim and obtain relief, he is required to demonstrate that he faces imminent and irreparable injury to obtain preliminary injunctive relief. Plaintiff has not done so. Rather, he refers to memos from past years, and alleges that the merger was to take place at Avenal State Prison in January of 2019. But he does not state that the merger has started, that he has been placed on a NDPF yard, or demonstrate that he will be subject to immediate and irreparable harm if the requested preliminary relief is denied. Plaintiff is required to demonstrate that he faces imminent harm. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires that Plaintiff allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff has not made this showing. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674.
>
> Plaintiff provides the declaration of Kim McGill, an Organizer with the Youth

---

irreparable harm assuming a merge into a NDPF yard.

[3] *See, e.g, Rodriguez v. Diaz*, No. 1:19-cv-01118-JDP, 2019 WL 4688631 (E.D. Cal. Sept. 26, 2019) (recommending that the plaintiff's request for injunctive relief to halt the merging of the SNY and GP populations be denied); *Nunez v. Diaz*, No. 1:19-cv-00686-SAB, 2019 WL 4127205 (E.D. Cal. Aug. 30, 2019) (same); *Perez v. Diaz*, No. 2:19-cv-1295-KJN, 2019 WL 3229622 (E.D. Cal. July 18, 2019), *report and recommendation adopted*, No. 2:19-cv-01295-TLN-KJN, 2019 WL 3975567 (E.D. Cal. Aug. 22, 2019) (same); *Plascencia v. Diaz*, No. 19-cv-02396-SI, 2019 WL 1981188 (N.D. Cal. May 3, 2019) (same); *Espinoza v. Diaz*, No. 19-cv-02115-EMC, 2019 WL 1904213 (N.D. Cal. Apr. 29, 2019) (same); *Borjas v. Diaz*, No. 19-cv-02038-PJH, 2019 WL 1787593 (N.D. Cal. Apr. 24, 2019) (same); *Hernandez v. Diaz*, No. 19-cv-02135-SI, 2019 WL 1779580 (N.D. Cal. Apr. 23, 2019) (same); *Anguiano v. Diaz*, No. 19-cv-02039-SI, 2019 WL 1756350 (N.D. Cal. Apr. 19, 2019) (same); *Saucedo v. Diaz*, No. 19-cv-02032-SI, 2019 WL 1756541 (N.D. Cal. Apr. 19, 2019) (same); *Montalvo v. Diaz*, No. 3:19-cv-00363-CAB-JLB, 2019 WL 1242445 (S.D. Cal. Mar. 18, 2019) (same). *Compare Kester v. Diaz*, No. 4:19-cv-04205-JST, 2019 WL 3997483 (N.D. Cal. Aug. 23, 2019). In *Kester*, the evidence showed that Plaintiff, a convicted sex-offender and a drop-out gang member who had already been the victim of two deadly attacks, was likely to experience immediate and irreparable harm in the absence of injunctive relief. *Id.* at *3.

Justice Coalition, describing the association's efforts to challenge the CDCR's implementation of the NDPF Yards, based on their safety concerns. (ECF No 1., p. 18.) While the Court is sympathetic to Plaintiff's safety concerns, McGill's affidavit does not clearly demonstrate that Plaintiff currently faces an "immediate and irreparable loss or injury." *See* Fed. R. Civ. P. 65(b)(1); *Winter*, 555 U.S. at 22. Generalized allegations of past incidents of violence fail to show that Plaintiff has been assigned to a merged yard and faces imminent harm. Rather, his allegations show defendants have a plan to merge GP inmates with SNY inmates at Avenal State Prison, and Plaintiff fears the potential for an attack should he be placed on such a NDPF yard. But such allegations fail to establish that plaintiff currently faces the type of immediate and credible threat or irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case. *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). "A presently existing actual threat must be shown, although the injury need not be certain to occur." *Chappell v. Stankorb*, 2012 WL 1413889, at *3 (E.D. Cal. Apr. 23, 2012).

So too here, Plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of injunctive relief. He does not support his request with evidence demonstrating that he has been or will be placed in an NDPF yard pursuant to the merger or that he faces the type of "immediate and credible threat of irreparable harm necessary to support injunctive relief." *See Goldie's Bookstore, Inc.*, 739 F.2d at 466. (noting that speculative injury does not constitute irreparable injury). Instead, he submits a generalized declaration from Kim McGill, which describes safety concerns with the proposed merger. This declaration does not demonstrate that Plaintiff himself currently faces an "immediate and irreparable loss or injury." *See* Fed. R. Civ. P. 65(b)(1); *Winter*, 555 U.S. at 22. Nor does Plaintiff's declaration, which does not contain any allegations that he has been or is currently assigned to a merged yard pursuant to the NDPF policy or any allegations of characteristics that would make irreparable harm likely even if Plaintiff were currently assigned to a merged yard pursuant to the NDPF policy. Therefore, Plaintiff's allegations that he currently faces immediate and irreparable harm are speculative. *See Caribbean Marine Servs Co.*, 844 F.2d at 674. ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

Finally, Plaintiff fails to show the balance of equities supports injunctive relief. Prison administration is a difficult and onerous task and courts have traditionally accorded a large degree of deference in cases involving the administration of state penal institutions. *Turner*, 482 U.S. at 85 (noting that government afforded widest latitude in cases involving the administration of state

6

prisons). Plaintiff has not shown that the equities favor this Court overturning a prison classification decision based on his general fears about combining the two categories of prisoners.

For all these reasons, Plaintiff's request for injunctive relief should be denied.

## IV. CONCLUSION

Accordingly, based on the foregoing, the Court HEREBY RECOMENDS that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 2.) should be denied.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, in accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **October 28, 2019**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE